Post v. Van Houten.

---

GEORGE POST

v.

JOHN R. VAN HOUTEN, executor &c., et al.

A testatrix provided that the residue of her estate should be invested during the lifetime of G., and the income thereof paid to G., C. and A.; that her estate should be settled after the death of G., and one-third of the residue be paid to G.'s appointees or issue, one-third to C. or to her appointees or issue, and one-third to A., and at his death to his children, and if no children, one-half to E., and one-half to C. and the children of G., and that during A.'s lifetime J. R. V. H., one of her trustees, or his heirs, might, in her or their discretion, retain A.'s share after G.'s death, and pay him the income therefrom only.—*Held*, that A.'s interest in the one-third of the residue was a life estate.

---

Bill for relief. On petition of Thomas M. Moore and John Reynolds, trustees, for construction of will and for directions.

*Mr. T. M. Moore*, for petitioners.

*Mr. J. S. Barkalow*, for respondents William H. Post and Joseph C. Hall.

*Mr. P. Stevenson*, for respondents Adrian Post, John R. and Catharine Van Houten.

THE CHANCELLOR.

This is an application by petition, by the trustees appointed in the above cause in place of the trustees under the will, George Post and John R. Van Houten, for a construction of the will in the respect hereinafter considered, and for instructions as to their powers.

All the persons in interest have appeared and answered the petition and have been heard by counsel on the final hearing.

The testatrix, by the will, directs the trustees, or the survivor of them, to pay one-third of the clear income of the residue of the estate, after deducting all charges, to her daughter Catharine until the death of her (the testatrix's) son George, and at Catharine's death to such of her children as she shall by will appoint, and provides that if Catharine shall die before George, without making a will, it be paid to Catharine's children equally. She then directs the trustees, or the survivor of them, to pay another third to George for life, and then directs them, or the survivor of them, to pay the remaining third, until George's death, to her grandson, Adrian Post, first deducting therefrom an annuity of $200 to his mother, which she thereby charges upon his share; and in case Adrian shall die before her (the testatrix's) son George, leaving children, then to pay the same to his children, but . if he shall so die without issue, then she gives one-half of it to Elizabeth Hall and the other half to Catharine and George. After directing the trustees and the survivor of them to pay $6,000 out of the income to Catharine's children at majority, she declares that her desire and intention are that her estate shall be closed and settled at George's death, and she then provides as follows:

"At my son George's death, after reserving enough to meet all the provisions of this my will, I give one-third of said residue unto my daughter Catharine, if *then* living ; and if she be then dead, I give the same to such of her children as she shall by her will designate; and if she shall not make a will, then I give the same to be divided equally among her children ; this devise to be in fee. I give one other third part of said residue, excepting the one-third part of my Main street property, to such person or persons and in such manner as my son George shall, by his last will, direct and appoint; and if my son George shall not leave any last will, then I give the same to his issue. But as to the third part of my Main street property, I give the same, at my son George's death, to his son William Henry during the term of his natural life, and at his death to his children; but if the said William Henry shall die without issue, then I give this one-third part of my Main street property to Catharine and Adrian and their children, in fee. I give the remaining one-third of said residue to my grandson, the said Adrian Post, and if he shall die leaving children, then to his children ; but if he shall die without issue, then I give one-half thereof to Elizabeth Hall and the other half to be equally divided between Caty, and if she be dead her children, and the child or children of George, in fee; but I do order and direct that out of this share to Adrian shall be deducted the sum of $6,000 hereinbefore given in land to Elizabeth Hall. Further, during the life of Adrian Post, I do direct that my surviving trustee [John R. Van Houten] or his heirs, after the death of my son George, shall, if he or they shall think it advisable so to do, retain Adrian's said share in their hands and pay him the income thereof, leaving it discretionary with him or them to give the same to Adrian. I give and bequeath to George, Caty and Adrian, each, the sum of $1,000, to be paid to them as soon as conveniently can be after my decease."

George is dead. The principal question submitted is, What interest in the *corpus* of the residue is given by the will to Adrian ? On the one hand it is contended that it is a mere life interest, while, on the other, it is insisted that it is an absolute interest; subject to the power in the surviving trustee and his heirs, at his or their discretion, to retain it during Adrian's life and pay him the income.

It is clear that the testatrix intended to give Adrian only a life estate under the gift in question. Such are the terms of the gift. It is to him, and if he shall die leaving children, then to his children; but if he shall die without issue, then one-half is to go to Elizabeth Hall and the other to be equally divided between Catharine (or, in case of her death, her children) and the child or children of George in fee. But it is urged that the

limitation over is to take effect, not upon the occasion of his death whenever it may happen, but in the event of his death before the death of George. The rule is that where there is a bequest to one person, and, " in case of his death," to another, the gift over is construed to take effect only in the event of the death of the prior legatee before the period of payment or distribution, unless an intention appears to the contrary. *Hawk. Wills 254.* In this will the contrary intention is very evident. The scheme of the testatrix as to the residue was that it should be funded until George's death, and then divided; the interest in the meantime to go to George, Catharine and Adrian; Catharine's children to have, at majority, $6,000 out of the income, and Adrian's mother's annuity of $200 to be taken out of his share of the income, and to be charged upon his share. As to Catharine's and Adrian's respective shares of the income, they were to be limited over in case those persons should die before George. Catharine's share of the *corpus* was to go, at George's death, to her if she should be then living, but if she should be then dead, it was to go to such of her children as she should by will designate for the purpose, and in default of such designation it was to go to her children in equal shares. As to Adrian's share, he was to have an interest in it for life only, and at his death, whether before or after the decease of George, it was to go to his children if he should leave any, but if he should die without issue, it was to go, one-half to Elizabeth Hall and the other half to Catharine (or her children if she should be dead) and George's child or children. It will have been seen that as to the devolution of Adrian's and Catharine's respective shares of the income, the testatrix expressly and explicitly says that it is to take place upon the death of those persons before the decease of George. Catharine is to have her share of the *corpus* if she should be living at George's death, but if she should be then dead it is to go to such of her children &c. Adrian's share of the *corpus* is to go to him, and if he shall die leaving children, it is to go to them &c. There is a difference between these provisions, and the difference is intentional. The cases of *Pennington* v. *Van Houten, 4 Hal. Ch. 272, 745,* and *Baldwin* v. *Taylor, 10 Stew.*

*Eq. 78*, which are relied upon by Adrian's counsel as governing this case, are *not in point; for* there was nothing in the will in either of those cases to indicate an intention on the part of the testator that the gift over was to take effect in case the prior legatee should die after the period of payment or distribution; while here there is evidence that such was the intention of the testatrix. There is strong evidence of an intention that Adrian should have a life interest only in the share of the *corpus* given to him, in the provision that the surviving trustee or his heirs (by which is meant children) shall, at his or their discretion, withhold the share for Adrian's life, paying him the income thereof only. The testatrix evidently intended thus to secure the benefit of the share to Adrian for life by protecting it against his improvidence. She did not mean that he should be at liberty to dispose of the share, and she therefore gave the power to withhold it from him in case there should appear to be reason to apprehend that he would dispose of it if it should go into his hands. It is noticeable that no special provision is made for the devolution of the share at his death in the contingency of the exercise of the power to withhold. It is not provided that he may dispose of it by will or otherwise. The reason is that his interest was for life only, and the remainder had been disposed of by previous provision. It is also noteworthy that no power to withhold, nor any similar authority, is given with reference to any of the other gifts to Adrian. The first bequest in the will is of $800 to him, payable at the death of his mother. This, however, and a like sum given to his sister, Elizabeth Hall, are said to have been given to them for $1,600 belonging to their deceased father, the testatrix's son, and held by her in trust for him in his lifetime. There is a devise of three lots of land in Paterson to Adrian, and there is a gift to him and his sister of one-third of the proceeds of the sale of a lot of land of about five acres, and, by the last bequest in the will, $1,000 are given to him. Yet, as before remarked, there is no such provision as to any of those gifts as is found in connection with the gift to him of a share of the *corpus* of the residue. It is urged by his counsel that there is great significance as to the intention of the

testatrix on this head in the provision that her estate shall be settled and closed at George's death. But that fact is of no importance whatever in the consideration of the question. The testatrix intended that, upon George's death, the residue should be divided, and that those of the legacies which were then payable should be paid. But that fact obviously sheds no light upon the question as to what estate or interest she intended that Adrian should have in the share of the *corpus* given to him. That she intended that, notwithstanding such settlement and closing of the estate, Adrian's share should, if, in the opinion of the trustee or trustees for the time being it would be proper to do so, be withheld from him, is beyond dispute. The fact that she contemplated the payment of the share to him, in case the trustee or trustees should not deem it advisable to withhold it, in nowise militates against the construction now put upon the gift. Where a legacy is given generally, subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy. *2 Wms. Ex. 1396; Condict v. King, 2 Beas. 375; Rowe v. White, 1 C. E. Gr. 411.* Where there is a general bequest for life, with the remainder over, the legatee for life is entitled to have the custody of the property bequeathed, where it appears from the will that the testator intended that he should do so. *Howard v. Howard, 1 C. E. Gr. 486; Morgan v. Morgan, 7 Eng. L. & Eq. 216, 14 Bear. 72.* Where there is danger of loss of the property in the hands of the first taker, equity will require security from him. *Rowe v. White, ubi supra.*

The power given to retain Adrian's share of the *corpus* of the residue at discretion is wholly personal. Those to whom it is given by the will were not deprived of it by the decree of this court removing George Post and John R. Van Houten as trustees under the will; but, on the other hand, the decree declares that it is not intended to deprive them or either of them of any merely personal power or duty under the will, and which by law could be exercised by no other person. It is incumbent on Mr. Van Houten to exercise the discretion.